UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRANDON B. DREWRY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )  1:16-cv-00075-GZS |
| | ) |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON PLAINTIFF'S MOTIONS
TO APPOINT COUNSEL (ECF Nos. 5, 9, 12)
AND MOTION FOR PHOTOCOPIES (ECF No. 9)**

In this action, Plaintiff, an inmate at the Maine State Prison, alleges that Defendants violated Plaintiff's constitutional rights. Through three separate pleadings, Plaintiff has asked the Court to appoint counsel to represent him in this matter. (ECF Nos. 5, 9, 12.) Plaintiff maintains the appointment of counsel is warranted due to the complexity of the case, his lack of legal knowledge, and his limited access to his legal materials. Plaintiff also seeks relief from the prison's photocopy policy. After consideration of Plaintiff's arguments, the Court denies the motions.

**DISCUSSION**

**A.      Motions to Appoint Counsel**

"There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The in forma pauperis statute provides that the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The appointment of counsel under the statute is discretionary, but generally is limited to "exceptional circumstances." *DesRosiers*, 949 F.2d at 23. "[A] court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the

litigant's ability to represent himself." *Id.* at 24.  For example, the presence of "readily mastered facts and straightforward law" would suggest that a request for counsel "should be denied in a civil case." *Id.*  Denial of an indigent plaintiff's request for counsel is error only if the denial "was likely to result in fundamental unfairness impinging on his due process rights." *Id.* at 23.

A review of Plaintiff's complaint reveals that the law and facts relevant to Plaintiff's case are sufficiently straightforward such that Plaintiff should be able to represent himself.  In other words, the case does not present the "exceptional circumstances" necessary to warrant the appointment of counsel.  The Court, therefore, denies the motions.

**B.     Motion for Photocopies**

Plaintiff contends that the prison's photocopy policy unreasonably limits his ability to prosecute his claim.  In essence, Plaintiff argues that the photocopy policy interferes with his right of access to the courts.  A prison is permitted to regulate an inmate's access to legal materials without depriving the inmate of meaningful access to the courts.  *Sowell v. Vose*, 941 F.2d 32, 34 – 35 (1st Cir. 1991).  A restriction on the number of photocopies to which an inmate is entitled does not necessarily constitute a constitutional deprivation.  On the current record, the Court cannot conclude that the prison policy unreasonably restricts Plaintiff's ability to prosecute this action.  Accordingly, the Court denies Plaintiff's motion.

Given that Plaintiff has joined the Maine Department of Corrections as a defendant, the Court could request the Department to respond to the motion, and supplement the record with further information about the policy.  The Court, however, is in the process of reviewing Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A to determine whether Plaintiff's claim should proceed against the named defendants.  The Department, therefore, has not been served with

process in this case. The Court thus will deny the motion without prejudice to Plaintiff's ability to reassert the motion in the event the Court determines that Plaintiff's complaint should proceed.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motions for the appointment of counsel (ECF Nos. 5, 9, 12), and denies without prejudice Plaintiff's motion for photocopies (ECF No. 9).

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 29th day of February, 2016.