UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRANDON B. DREWRY, </br></br> Plaintiff </br></br> v. </br></br> MAINE DEPARTMENT OF CORRECTIONS, *et al.*, </br></br> Defendants | ) </br> ) </br> ) </br> ) </br> ) </br> ) 1:16-cv-00075-GZS </br> ) </br> ) </br> ) </br> ) </br> ) |

**ORDER ON MOTION TO AMEND AND
RECOMMENDED DECISION AFTER SCREENING
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Brandon Drewry, an inmate in the custody of the Maine Department of Corrections, alleges that he was subjected to excessive force on December 11, 2014, that he was "written-up" for conduct in which he did not engage, and that he was not able to use available video evidence in his defense during disciplinary proceedings. (Complaint, ECF No. 1.) Subsequent to the filing of his original complaint, Plaintiff filed a motion to amend the complaint to clarify his claimed damages and the Defendants against whom he is seeking monetary damages. (ECF No. 11.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 8.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint (ECF No. 1) and his motion to amend (ECF No. 11) are subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

As explained below, following a review of the pleadings, the motion to amend is granted, and the recommendation is that the Court dismiss the claims against the Maine Department of Corrections, Joseph Fitzpatrick, Rodney Bouffard, Kevin Court, Unit Manager Mendez, John Doe, and Jane Doe without service of process.

## BACKGROUND FACTS [1]

Plaintiff alleges that on December 11, 2014, Defendant "Officer Staples" and Defendant Thomas Averill threw him to the ground while his hands were cuffed behind his back, and that Defendant Staples placed his knee on the back of Plaintiff's head while Defendant Averill sat on Plaintiff's hands, for "no less than two minutes," during which time Plaintiff could not breathe and experienced "great pain." (Complaint, PageID # 4.) Plaintiff also alleges that the officers placed a spit mask/mesh hood over his head and charged him with disciplinary violations, including Class A – bodily injury and Class A – bodily fluid, even though he was injured and he did not spit at anyone. (*Id.*) Plaintiff believes that Sergeant Kevin Court and two John Doe officers may also have contributed to the pain he suffered during the incident. (Motion to Amend, ECF No. 11, PageID # 68.)

According to Plaintiff, at Plaintiff's disciplinary hearing, Defendant Harold Abbot refused to consider video evidence of the incident and imposed a punishment of, inter alia, approximately 85 days of disciplinary confinement. (Complaint, PageID # 5.) Defendant Deputy Warden Troy Ross conducted the administrative appeal and also refused to consider the video evidence. (Motion to Amend, PageID # 69.)

---

[1] The facts set forth herein are derived from Plaintiff's complaint and his amendment to the complaint. The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review.

Plaintiff asserts that Defendants Averill and Staples used excessive force and inflicted cruel and unusual punishment in violation of the Eighth Amendment. (PageID # 8.) Additionally, Plaintiff alleges that Defendants Abbot and Ross violated the Due Process Clause by refusing to review video evidence as part of the disciplinary proceedings. (PageID # 9, 69.) Plaintiff asserts his claim under 42 U.S.C. § 1983. (PageID # 14.)

### STANDARD OF REVIEW

When a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines," *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Similarly, a lawsuit by a prisoner against a governmental entity and its officers is subject to dismissal, *sua sponte*, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n.

14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

### A. Plaintiff's Motion to Amend

Plaintiff is entitled to amend his complaint as a matter of course because Defendants have yet to be served. Fed. R. Civ. P. 15(a)(1)(A). Plaintiff's motion to amend (ECF No. 11) is granted, and the amendment will be within the scope of the review under 28 U.S.C. §§ 1915 and 1915A.

### B. Review Pursuant to 28 U.S.C. §§ 1915 and 1915A

Plaintiff does not specifically explain the bases of his claims against the Maine Department of Corrections, the Commissioner (Joseph Fitzpatrick), or the Warden (Rodney Bouffard). He generally asserts that he filed grievances that have not been answered (PageID # 2), and that similar assaults have occurred at Maine State Prison "for years, increasingly since 2013" (PageID # 5 – 6).

As an agency of the State of Maine, the Department is not a person for purposes of 42 U.S.C. § 1983, and cannot be sued in federal court for money damages. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 – 65 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity."). Although Plaintiff requests

injunctive relief, his request appears to relate to access to some legal documents, which are not the subject of this litigation, and to his desire to be transferred to the Maine Correctional Center. (PageID # 11.)

First, Plaintiff's excessive force allegation and his due process contention do not include, nor would they logically result in an order of injunctive relief. Additionally, Plaintiff has no constitution right to a particular security classification or prison assignment. *Williams v. Lindamood*, 526 Fed. App'x 559, 563 (6th Cir. 2013) ("[A] prisoner has no constitutional right to be incarcerated in a particular prison or to be held in a specific security classification." (quoting *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005)); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). His request for a transfer, therefore, is not actionable. Plaintiff thus has asserted no facts that would support a claim against the Department.

Similarly, Plaintiff has not asserted an actionable claim against Defendants Fitzpatrick and Bouffard. Because Plaintiff has not alleged that Defendants Fitzpatrick and Bouffard were directly involved in any of the alleged conduct, Plaintiff presumably has joined them in their supervisory or management capacities. A supervisory officer is not liable under 42 U.S.C. § 1983 for every unconstitutional act of a subordinate. To be liable, there must be an affirmative link between the supervisor and the alleged conduct. *Maldonado v. Fontanes,* 568 F.3d 263, 275 (1st Cir. 2009). An affirmative link could be established through evidence of "supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." *Id.* Simply stated, Plaintiff has not alleged any facts that would support a finding of the necessary affirmative link between Defendants Fitzpatrick and Bouffard and the alleged conduct. Plaintiff,

therefore, has failed to state an actionable claim against Defendant Joseph Fitzpatrick and Rodney Bouffard.[2]

Finally, Plaintiff has failed to allege any facts that would support a claim against Kevin Court, Unit Manager Mendez, John Doe and Jane Doe. In fact, Plaintiff only identifies Unit Manager Mendez in the caption of his complaint, but asserts no factual allegations against him. Plaintiff's bald assertion in his motion to amend that "Sergeant Kevin Court and other John and Jane Does … may have further inflicted physical harm upon plaintiff" lacks any facts that would support an actionable claim.

## CONCLUSION

Plaintiff's Motion to Amend (ECF No. 11) is granted. In addition, based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2) and 29 U.S.C. § 1915A, I recommend that the Court dismiss the Maine Department of Corrections, Joseph Fitzpatrick, and Rodney Bouffard, Kevin Court, Unit Manager Mendez, John Doe and Jane Doe without service of process.

## NOTICE

> Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72. With respect to the order on non-dispositive matters (i.e., the motions to introduce evidence), a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).
>
> With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting

---

[2] To the extent Plaintiff has attempted to assert a claim against Defendants Fitzpatrick and Bouffard regarding the grievances Plaintiff filed, the mere review of a grievance and failure to provide relief does not subject a prison official to § 1983 liability. "The creation of procedural guidelines to channel the decisionmaking of prison officials" does not, "without more," give rise to a federal right. *Hewitt v. Helms*, 459 U.S. 460, 471 (1983). The Constitution does not guarantee an effective grievance procedure and the existence of a grievance procedure does not confer upon prisoners any substantive right. *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (collecting cases); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases). Here, Plaintiff has not alleged any facts from which a fact finder could conclude that Defendants Fitzpatrick or Bouffard violated any of Plaintiff's constitutional rights during the grievance process.

memorandum, within fourteen (14) days of being served with a copy. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2).

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of March, 2016.