UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BRANDON B. DREWRY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00075-GZS |
| | ) | |
| MAINE DEPT. OF CORRECTIONS, | ) | |
| et als. | ) | |
| | ) | |
| Defendants | ) | |

**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, defendants Harold Abbott, Troy Ross, Thomas Averill and Nathan Staples hereby move for summary judgment.  As grounds for this motion, defendants state that there is no issue of material fact and that defendants are entitled to judgment as a matter of law. Specifically, defendants state:

1.  Plaintiff failed to exhaust administrative remedies available to him before filing suit, and his complaint of excessive force against defendants Averill and Staples is barred by the exhaustion requirement of the Prison Litigation Reform Act; and

2.  The sanctions imposed on plaintiff as a result of the disciplinary process do not rise to the level of an atypical and significant hardship in the context of a sentence of incarceration so as to implicate constitutional due process protections.

## MEMORANDUM IN SUPPORT OF MOTION

### Facts and Procedural Background

Plaintiff Brandon Drewry is a prisoner incarcerated at the Maine State Prison (MSP).  He brings this complaint pursuant to 42 U.S.C. § 1983, alleging that the remaining defendants in the case violated his rights secured by the Eighth and Fourteenth Amendments to the Constitution. Specifically, Drewry claims that, on December 11, 2014, defendants Staples and Averill, MSP corrections officers, used excessive force in attempting to subdue Drewry, causing him injury. As to defendants Abbott, the disciplinary hearing officer, and Ross, a deputy warden, Drewry alleges that, at a disciplinary hearing arising from the same incident, Abbott refused to allow video evidence of the incident and found Drewry guilty of a number of disciplinary offenses, and that Ross refused to review the video when deciding Drewry's appeal of the disciplinary finding. Drewry alleges that he was sanctioned with approximately 85 days of disciplinary confinement, over $250 in monetary sanctions and loss of good time credits.

Drewry also named a number of other defendants, including the Department of Corrections, the commissioner, the former warden of MSP and several identified and unidentified corrections personnel.  After performing a preliminary review of the complaint and an amendment to the complaint, the magistrate judge recommended that plaintiff's excessive force and due process claims be allowed to proceed only as to defendants Averill, Staples, Abbott and Ross.  The court adopted the magistrate's recommendation, dismissing the other defendants from the case.

In support of their motion for summary judgment as to the claim of excessive force, defendants have submitted the affidavit of the prison's Grievance Review Officer, Wendell Atkinson, which establishes the following facts:  The Department has in place a grievance policy

that allows prisoners to "…request administrative review of any policy, procedure, practice, condition of confinement, action, decision, or event that directly affects [the prisoner]…"  If a prisoner in unable to resolve the complaint informally, he may file a formal grievance with the facility's grievance review officer.  Additional levels of review – by the chief administrative officer of the facility and ultimately by the Commissioner of the Department of Corrections – are available. Drewry received a copy of the grievance policy in a prisoner handbook issued to him when he arrived at the prison in 2007.  A search of the records of grievances filed by Drewry indicates that he did not file a grievance regarding the incident of excessive force alleged in the complaint.

It is defendants' position that Drewry's failure to employ to administrative remedies of the grievance policy bars his complaint against defendants Staples and Averill arising out of the December 21, 2014 incident.   In addition, the sanctions allegedly imposed by Abbott and affirmed by Ross in connection with the disciplinary proceeding against Drewry do not constitute such a deviation from the usual conditions imposed by a sentence of imprisonment as to require that Drewry be afforded due process before they were imposed.

## **Argument**

**1.  Plaintiff failed to exhaust available administrative remedies, and his complaint of excessive force must be dismissed under the Prison Litigation Reform Act.**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(1)(a) states:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement applies to all claims arising from conditions of confinement, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), including claims that corrections officers used excessive force.  *Cruz-Berios v. Gonzalez-Rosario*, 630 F. 3d 7, 10 (1st Cir., 2010).  A finding that plaintiff failed to exhaust administrative remedies is dispositive of other claims in the case.  *Porter v. Nussle, supra,* at 16.   The issue of exhaustion should be decided prior to a hearing on the merits of the case, and a motion for summary judgment is an appropriate vehicle with which to do so. *Albino v. Baca*, 747 F. 3d 1162, 1170 (9th Cir. 2014); *Henderson v. Rogers*, 2015 WL 1241681, *3 (D. Me.).

The record establishes that Drewry had available to him a multi-step grievance process through which his complaint of excessive force could have been reviewed by the grievance review officer, the chief administrative officer of the prison and the commissioner of the Department of Corrections.  The record also establishes that Drewry did not avail himself of this available administrative procedure before filing this lawsuit.  In these circumstances, the court is required to dismiss his claims as to defendants Averill and Staples.

**2. The sanctions allegedly imposed by Abbott and affirmed by Ross do not constitute such a deviation from the usual conditions of a sentence of imprisonment as to require that Drewry be afforded the protection of due process.**

In *Sandin v. Conner,* 515 U.S. 472, 487 (1995), plaintiff inmate complained that he was not afforded proper due process when confined in disciplinary segregation for violating a prison regulation.  The Court held that a prisoner's liberty interest protected by the Due Process clause "…will be generally limited to freedom from restraint which…imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. 472,

484.  The Court also observed that, as opposed to punishment imposed by law on citizens who violate the law, punishment of incarcerated prisoners could be imposed to effectuate the goals of orderly prison management and prisoner rehabilitation.  *Id.*  at 485.  The Court went on to hold that discipline imposed by prison officials in response to a wide range of misconduct falls within the expected contours of a sentence imposed by a court, and that confinement of an inmate to disciplinary segregation does not constitute the type of atypical, significant deprivation that would implicate a constitutional liberty interest.  *Id.*

Since the decision in *Sandin*, courts have held that even lengthy stays in segregated conditions may be imposed without due process.[1]  *See, Skinner v. Cunningham*, 430 F. 3d 483, 487 (1st Cir. 2005) (placement in special segregation unit for 40 days), c*iting, Sealy v. Giltner*, 197 F. 3d 578, 589 (2d Cir. 1999) (101 days of administrative segregation); *Beverati v. Smith,* 120 F. 3d 500, 504 (4th Cir. 1997) (6 months of administrative segregation.)   Moreover, the imposition of a disciplinary sentence including a fine is not a significant and atypical hardship creating a constitutionally protected interest.  *McMillan v. Fielding*, 136 Fed. Appx. 818 (6th Cir. 2005); *Murphy v. Corizon*, 2012 WL 3637902, *4 (D. Me.).

To the extent that *Sandin v. Conner* declined to overrule the holding in *Wolff v. McDonnell,* 418 U.S. 539 (1974),  that loss of earned good time credits implicates a liberty interest protected by the due process clause, Drewry raises a colorable claim that he was entitled to a hearing before good time was taken away from him.  *See, Sandin v. Conner,* 551 U.S. at 484-485; *McGuiness v. Dubois*, 75 F. 3d 794, 798, f.n. 3 (1st Cir. 1996) (noting that *Sandin* did not retreat from holding in *Wolff v. McDonnell* that liberty interest in shortened prison sentence is subject to due process protection.)   The Supreme Court, however, has since ruled that such a

---

[1] It is not clear from the complaint whether the sanction was a period in segregation, which is served in the prison's Special Management Unit, or disciplinary cell restriction, during which the prisoner is confined to his own cell in his usual housing unit.

claim is not cognizable in the first instance under 42 U.S.C. § 1983 but must be brought in a proceeding to invalidate the state sentence or for *habeas corpus* relief.  *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  Thus, absent any allegation that the lengthening of Drewry's sentence through loss of previously earned good time credits has been otherwise invalidated or overturned, his claim in this § 1983 action for restoration of those credits must be dismissed. *C.f.*, *DeWitt v. Wall*, 121 Fed. Appx. 398 (1st Cir. 2004) (per curiam) (dismissal of good time claim to be without prejudice.)

## Conclusion

For the reasons stated above, defendants request that the court enter judgment in their favor and dismiss the complaint.

April 28, 2016                                      __/s/  James E. Fortin____
                                                   James E. Fortin
                                                   Assistant Attorney General
                                                   James.Fortin@maine.gov

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

                              Certificate of Service

The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, and that he mailed a copy, postage prepaid to the following:

Brandon Drewry
Maine State Prison
807 Cushing Road
Warren, ME 04864


April 28, 2016                                      /s/ James E. Fortin
                                                   James E. Fortin
                                                   Assistant Attorney General