UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRANDON B. DREWRY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00075-GZS |
| | ) | |
| MAINE DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTIONS FOR SUMMARY JUDGMENT**

In this action, Plaintiff Brandon Drewry, a prisoner at the Maine State Prison, alleges that Defendants Harold Abbott, Thomas Averill, Troy Ross, and Nathan Staples used excessive force and denied him due process during disciplinary proceedings.

The matter is before the Court on Defendants' Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment. (ECF Nos. 26, 32.) Following a review of the pleadings and motions, and after consideration of the parties' arguments, I recommend the Court deny the motions.

## I. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir.1998)).

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Hannon v. Beard*, 645 F.3d 45, 47-48 (1st Cir. 2011). If a court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of his claims, a trial-worthy controversy exists and summary judgment must be denied as to any supported claim. *Id.* Unsupported claims are properly dismissed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

## II.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Through their motion for summary judgment, Defendants contend Plaintiff failed to exhaust administrative remedies following the alleged excessive force incident and thus his excessive force claim is barred by the Prison Litigation Reform Act. On Plaintiff's procedural due process claim, Defendants argue that the sanctions imposed on Plaintiff do not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life and, therefore, the discipline does not deprive Plaintiff of a liberty interest protected by the due process clause. (Defendants' Motion for Summary Judgment, ECF No. 26.)

## A.   Background Facts

Plaintiff is currently incarcerated, and at all material times was incarcerated, at the Maine State Prison. (Defendants' Statement of Material Facts (DSMF), ECF No. 27, ¶ 1.) In his statement attached to his complaint, Plaintiff alleges that Defendants Averill and Staples used excessive force on him during an incident that occurred on December 11, 2014. (Statement of Claim at 1, ECF No. 1-1.) Plaintiff asserts that as the result of the incident, he was subjected to certain discipline. (*Id.*) He also maintains that the proceedings on the resulting disciplinary

charges were inadequate (a) because the hearing officer, Defendant Abbott, refused to review available video evidence that would have demonstrated he was not guilty of the disciplinary charges (*id.* at 2), and (b) because Defendant Troy Ross, the deputy warden, refused to consider video evidence during Plaintiff's administrative appeal.  (Motion to Amend at 3, ECF No. 11.).

The Department of Corrections has an established grievance policy (Policy 29.1, ECF No. 27-2) that governs inmate claims resulting from events that occur during the inmate's confinement. The policy, which covers excessive force claims, has been in effect throughout Plaintiff's confinement at the Maine State Prison.  (DSMF ¶ 2.)  The grievance policy is contained in the prisoner handbook issued to each inmate upon arrival at the prison.  Inmates are to acknowledge in writing that they have received the handbook containing the grievance policy.  Plaintiff received the handbook when he arrived at the prison.  (*Id.* ¶ 3; *see also* PageID # 138.)

According to Wendell Atkinson, the Grievance Review Officer at the Maine State Prison, a diligent search of the records of grievances filed by Plaintiff around and following December 11, 2014, revealed no record of a grievance filed by Plaintiff regarding an excessive force incident that occurred on December 11, 2014 (or any other date around that time).  (DSMF ¶ 4.)  Plaintiff asserts he "filed several grievances beginning on 12–14–2014" that were ignored.  (Plaintiff's Objection at 3, ECF No. 28.)  He further asserts that staff told him "that because the acts being grieved involved incidents I was charged with disciplinary violations in relation to … I could not grieve the incident." (*Id.*)

Among Plaintiff's summary judgment exhibits is a notification of dismissal dated December 31, 2014, signed by Mr. Atkinson, which notice states that the matter grieved could not be grieved because a separate appeal procedure exists.  The notice includes the statement: "You cannot grieve a disciplinary incident." (ECF No. 28-1.)  The notice also provides that the grievance

was dismissed because Plaintiff "did not attempt an informal resolution, as required by *the Grievance Policy*," (*Id.* (emphasis added).)  In subsequent filings, however, the parties appear to agree that the grievance referenced in the notice is an unrelated grievance.  (ECF No. 30-2; Reply to Defendants' Reply, ECF No. 31.) [1]

Plaintiff nevertheless contends that he filed informal grievances related to the use of force that were ignored and likely not returned to him, that he was told in that context that he could not file a grievance for the issue because it involved a disciplinary matter, and that if he has a copy of an informal grievance form (assuming it was returned to him) he is unable to locate it because his papers have been moved and rearranged by prison staff.

With respect to the due process claim, although Defendants assert that Plaintiff cannot demonstrate that he was subjected to an atypical and significant hardship, Defendants have offered no facts regarding the disciplinary sanction imposed or the conditions of confinement that resulted. Plaintiff has also failed to present any salient facts describing the conditions of disciplinary confinement.

**B.    Discussion**

*1.    Failure to exhaust administrative remedies*

Federal law requires a prisoner to exhaust the available administrative remedies before initiating a lawsuit based on 42 U.S.C. § 1983.  Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

---

[1] The grievance was signed by Plaintiff on November 18, 2014.  In the grievance, Plaintiff grieved a discipline report submitted by Officer French charging Plaintiff with a Class A Bodily Fluids violation.  Plaintiff asserted that his nosebleeds are the product of a medical condition and that there is therefore no cause for Officer French's discipline report.

available are exhausted."  42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court.")

The Supreme Court has held that § 1997e(a) requires "proper exhaustion" of a prisoner's administrative remedies.  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Id.* at 90 – 91.  "Compliance with prison grievance procedures … is all that is required … to 'properly exhaust.'"  *Jones*, 549 U.S. at 218.  "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.*

A defendant may raise the § 1997e exhaustion requirement as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Ramos v. Patnaude*, 640 F.3d 485, 488 (1st Cir. 2011) ("The Supreme Court made it plain … that exhaustion under § 1997e(a) is not a jurisdictional condition, and has held it to be an affirmative defense." (citing *Jones,* 549 U.S. at 212)).  Because failure to exhaust administrative remedies is an affirmative defense rather than a jurisdictional issue, initially, Defendants bear the burden of proof.  *Jones*, 549 U.S. at 216.  To satisfy that burden, Defendants must establish "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."  *Albino v. Baca,* 747 F.3d 1162, 1172 (9th Cir.) (en banc), *cert. denied sub nom. Scott v. Albino,* 135 S. Ct. 403 (2014). [2]  Thereafter, Plaintiff must present evidence that demonstrates "that there is something in his particular case

---

[2] To be an available remedy, a grievance procedure must actually apply to the type of claim at issue.  *Bean v. Barnhart*, No. 1:13-cv-00196-NT, 2015 WL 3935777, at *5 (D. Me. June 26, 2015) (citing *Booth v. Churner*, 532 U.S. 731, 736 n.4 (2001), and *Malik v. D.C.*, 574 F.3d 781, 785 (D.C. Cir. 2009)).  *See also Davis v. Fernandez*, 798 F.3d 290, 294 – 95 (5th Cir. 2015) ("Whenever defendants claim a failure to exhaust, they have the burden to prove that the plaintiff did not exhaust administrative remedies that were actually available to him.").

that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

A court may find that prison administrative remedy procedures are unavailable where (1) the procedure "operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) the procedure is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859 – 60 & n.3.

Here, Plaintiff asserts that he commenced the grievance procedure with an informal grievance, as required, but his grievance was ignored, and that prison officials informed him that he could not file a grievance for the issue because it involved a disciplinary matter subject to the disciplinary appeals process. Plaintiff's assertions are followed by a signed and dated declaration that they are true and correct under penalty of perjury. (PageID # 146.) Based on Plaintiff's assertions pursuant to the statutory alternative to the oath,[3] whether Plaintiff filed a grievance and whether the grievance process was available to him are disputed factual issues that preclude the entry of summary judgment in favor of Defendant on Plaintiff's excessive force claim.

---

[3] Title 28 U.S.C. § 1746 provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> …
> (2) If executed within the United States …: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

2.     *Existence of an atypical and significant hardship*

Plaintiff argues Defendants Abbott and Ross denied him the opportunity to use a video recording of the incident in defense of a disciplinary charge that he assaulted corrections officers and spit on them.  Plaintiff's claim is in essence a procedural due process claim.[4]  Defendants contend summary judgment is appropriate because the sanction imposed on Plaintiff does "not rise to the level of an atypical and significant hardship."  (Motion at 1.)

The Fourteenth Amendment provides that the States cannot "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. Amend. XIV.  As an inmate in a state prison, Plaintiff's liberty interest is limited to conditions of confinement that impose an "atypical and significant hardship … in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Where the deprivation of liberty does not rise to that level, the mere violation of prison procedural policies by prison officials does not give rise to a constitutional violation.  *Id.*  In other words, unless Plaintiff can demonstrate that he was subjected to a sanction amounting to an atypical and significant hardship, Defendants' failure to follow a particular hearing procedure (such as reviewing available video recording evidence) would not offend the Due Process Clause of the Constitution because Plaintiff, as a prisoner, would not have been deprived of a liberty interest.

Although Plaintiff alleges he received 85 days in disciplinary confinement and a $250 fine, the summary judgment record lacks any evidence of the actual conditions of confinement Plaintiff experienced as a consequence of the disciplinary charges.  In fact, Defendants, as the moving

---

[4] Where the Due Process Clause applies, a prisoner is entitled to a disciplinary hearing that incorporates procedural due process protections including: (1) advance written notice of the disciplinary hearing, (2) an opportunity to call witnesses and present documentary evidence where doing so would not jeopardize institutional safety or correctional goals, and (3) a written statement of the reasons for the decision and the supporting evidence.  *Wolff v. McDonnell*, 418 U.S. 539, 563 – 66 (1974).

parties, make no reference to the discipline or the conditions in their statement of material facts. Rather, they acknowledged the lack of record evidence when they wrote, it "is not clear from the complaint whether the sanction was a period in segregation, which is served in the prison's Special Management Unit, or disciplinary cell restriction, during which the prisoner is confined to his own cell in his usual housing unit." (*Id.* at 5 n.1.) [5]

Rule 56 requires more of the moving party. The Advisory Committee Note of the 1963 amendment of Rule 56 confirms that a moving party must do more than argue the non-existence of a genuine issue: "Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." Similarly, the First Circuit has explained that the summary judgment burden shifts to the nonmoving part only after the moving party has presented evidence in support of its motion. *Woodward*, 714 F.3d at 637. Because Defendants provided no factual evidence to support their *Sandin* argument, they are not entitled to summary judgment on Plaintiff's due process claim.

### III.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff argues that summary judgment should be entered in his favor because the officials in charge of his disciplinary proceeding and appeal refused to consider available video recording evidence. (Plaintiff's Motion for Summary Judgment at 2 – 3, ECF No. 32.) As explained above,

---

[5] Defendants also suggest in their motion that Plaintiff received a monetary fine. (Motion at 5.) According to Plaintiff's allegations, the sanction imposed included both 85 days in disciplinary confinement and a $250 fine. A prisoner's interest in funds held in a prison account is a property interest protected by the Due Process Clause. *Coombs v. Welch*, No. 15-1776 (1st Cir. May 9, 2016) (citing *Reynolds v. Wagner*, 128 F.3d 166, 179 (3rd Cir. 1997)); *see also Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985). Additionally, Defendants suggest that Plaintiff lost earned good time credits. (Motion at 5 – 6.) It is not clear from the complaint whether Plaintiff merely lost the ability to earn good time credit or lost accrued good time credits. The loss of the ability to earn good time during a period of disciplinary segregation is not an atypical and significant hardship, at least where the period of segregation is not itself atypical and significant. *E.g.*, *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1690 (1996). The loss of accrued good time is a protected interest, but one that initially must be challenged in a habeas proceeding, after exhaustion of state remedies. *DeWitt v. Wall*, 121 Fed. App'x 398, 399 (1st Cir. 2004) (citing *Edwards v. Balisok*, 520 U.S. 641, 646 (1997)).

because the record is devoid of any evidence regarding the sanctions imposed on Plaintiff,

summary judgment on Plaintiff's due process claim is not warranted.

CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendants' Motion for

Summary Judgment (ECF No. 26) and deny Plaintiff's Motion for Summary Judgment (ECF No.

32).

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of July, 2016.